IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL CHAMBERS, | * | |
| | * | Civil Action No. 20-cv-1782-PX |
| | * | Criminal Action No. 99-cr-451-PX |
| v. | * | |
| | * | |
| UNITED STATES OF AMERICA | * | |
| | * | |
| | * | |
| | *** | |

## MEMORANDUM OPINION

Pending before the Court is Petitioner Michael Chambers' motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255.  ECF No. 117.  The issues are fully briefed, and no hearing is necessary.  *See* D. Md. Loc. R. 105.6.  For the following reasons, the motion is DENIED.

On October 5, 1999, Chambers was charged with (1) conspiracy to distribute and possess with the intent to distribute a mixture containing heroin in violation of 21 U.S.C. § 846, (2) possession with intent to distribute a mixture containing cocaine base in violation of 21 U.S.C. § 841, (3) possession with intent to distribute a mixture containing cocaine base and heroin in violation of 21 U.S.C. § 841, (4) use or carrying a firearm during a drug trafficking crime in violation of 21 U.S.C. § 924(c), and (5) being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).  ECF No. 79 at 1–2.  Chambers pleaded not guilty to each of the five counts, and on May 22, 2000, the case went to trial.  *Id.* at 2.  On May 26, 2000, the jury found Chambers guilty on all counts.  *Id.*  And on June 12, 2001, he was sentenced to 25 years imprisonment.  *Id.* at 3.

On June 11, 2020, Chambers moved to vacate his Section 922(g) conviction under 28 U.S.C. § 2255, ECF No. 117, based on *United States v. Rehaif*, 139 S. Ct. 2191 (2019), and

*United States v. Gary*, 954 F.3d 194 (4th Cir. 2020).  In *Rehaif*, the Supreme Court held that, "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 139 S. Ct. at 2200.  Interpreting *Rehaif*, the Fourth Circuit in *Gary* held that where the Government fails to inform a defendant of its requirement to prove this *mens rea* element of the offense, the Government's error is structural and entitles a defendant to automatic vacatur of the Section 922(g) conviction.  *Gary*, 954 F.3d at 205–07.  *Rehaif* and *Gary* marked a departure from previous Fourth Circuit precedent that did not view a defendant's knowledge of his own prohibited status as an element of an offense under Section 922(g).  *See United States v. Langley*, 62 F.3d 602, 606 (4th Cir. 1995).  Chambers now contends that he is entitled to vacatur of his conviction because the Government, which prosecuted this case prior to *Rehaif* and *Gary*, secured his conviction without proving that he was aware of his prohibited status at the time that he possessed the firearm.  ECF No. 117 at 2–3.

Subsequent to the filing of this motion, however, the Supreme Court reversed *Gary* in *Greer v. United States*, 141 S. Ct. 2090 (2021), concluding that *Rehaif* errors are not structural errors requiring automatic vacatur.  Rather, a defendant must satisfy the "plain-error" test and show that the Government's failure to comply with *Rehaif* affected his "substantial rights," or that there was a "reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Id.* at 2096.  This requires the defendant to make "a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know" he had been convicted of a crime punishable by greater than one year imprisonment, and that this evidence would have been sufficient to raise a reasonable probability that he would not have been convicted. *Id.* at 2100.  In this regard, the defendant

2

"faces an uphill climb in trying to satisfy the substantial-rights prong of the plain-error test" given that persons "ordinarily" know of their having sustained a felony offense. *Id.* at 2097.

Chambers has not demonstrated that he was unaware of his felony status at the time he possessed the firearm. This is especially notable given that Chambers has previously sustained more than one felony conviction. Therefore, Chambers cannot prove that, but for the *Rehaif* error, "there is a reasonable probability that a jury would have acquitted him." *Id.* at 2098; *see also United States v. Robinson*, No. ELH-20-1798, 2022 WL 16763734, at *5 (D. Md. Nov. 8, 2022) (denying the petitioner's motion under *Rehaif* because he "has not presented evidence supporting the claim that he did not know he was a prohibited person"). Accordingly, Chambers' motion to vacate is denied.

Pursuant to Rule 11(a) of the Federal Rules Governing Proceedings under 28 U.S.C. § 2255, the court is also required to issue or deny a certificate of appealability when it enters a final order adverse to the petitioner. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's order, *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007), and may issue "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2). Where the court denies the petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). Chambers does not satisfy this standard. Accordingly, a certificate of appealability will not issue.

For the foregoing reasons, Chambers' motion to vacate his conviction and sentence

under 28 U.S.C. § 2255 is denied.[1]  A separate Order follows.

| | |
|---|---|
| 10/12/2023 | /s/ |
| Date | Paula Xinis<br>United States District Judge |

---

[1] The Court also grants the motion to withdraw filed by Chambers' counsel, ECF No. 136, as well as the motion to seal the unredacted version of the motion to withdraw, ECF No. 134.